UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jotham R. Simmons, | ) | Civil Action No.: 5:17-cv-03019-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Antonelli, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Jotham R. Simmons, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing Petitioner's § 2241 petition.[1] *See* ECF Nos. 25 & 29. Petitioner has also filed a motion to amend his petition. *See* ECF No. 27.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion[2]

**I. R & R and Objections**

The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he fails to satisfy the savings clause in 28 U.S.C. § 2255(e) and therefore fails to establish that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. R & R at pp. 3–7. In his objections, Petitioner claims he should be able to pursue § 2241 relief because he is "actually innocent" of his conviction under 18 U.S.C. § 924(c). *See* ECF No. 29 at pp. 4–8. However,

> it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241. Importantly, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion.
>
> . . . . More specifically, § 2255 is inadequate and ineffective—and § 2241 may be utilized—when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

2

> § 2255 motion, the substantive law changed such that the conduct of
> which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional law.

*Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *see also United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) (reciting this three-factor test originally articulated in *In re Jones*, 226 F.3d 328 (4th Cir.2000)). Here, Petitioner cannot show § 2255 is inadequate or ineffective because the substantive law has not changed so that his conduct—possessing a short-barreled shotgun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(i)—is no longer criminal.

Moreover, as the Magistrate Judge explains, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (reciting the actual innocence standard). An actual innocence "claim requires [the] petitioner to support his allegations of constitutional error with ***new reliable evidence***—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . . Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added); *see Pettiford*, 612 F.3d at 282 ("[T]he movant must show actual innocence by clear and convincing evidence." (internal quotation marks omitted)). Here, while Petitioner makes allegations of actual innocence, he does not present "new reliable evidence" to support such a claim.[3]

---

[3] Along with his objections, Petitioner has filed an affidavit from his criminal attorney's paralegal. *See* ECF No. 29-1. This affidavit is dated December 10, 2016, and it was submitted in connection with his prior § 2255 proceeding. *See United States v. Jotham Simmons*, No. 4:12-cr-00910-RBH, at ECF No. 86-1 (D.S.C.). Petitioner submitted the affidavit to support claims of ineffective assistance of counsel, and as the R & R indicates, the Court denied and dismissed Petitioner's § 2255 motion with prejudice as untimely and the Fourth Circuit dismissed the appeal (and the Supreme Court denied certiorari). *See Simmons v. United States*, 2017 WL 7371172, at *3 (D.S.C. Aug. 14, 2017), *appeal dismissed*, 704 F. App'x 289 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1027 (2018), *reh'g denied*, 2018 WL 1786136 (U.S. Apr. 16, 2018).

For the foregoing reasons, Petitioner is not entitled to relief under 28 U.S.C. § 2241, and the Court must dismiss his § 2241 petition.[4]

## II. Motion to Amend

Petitioner has also filed a motion to amend his § 2241 petition, seeking to add another actual innocence claim. *See* ECF No. 27. "The [C]ourt should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[5] A court should deny leave to amend if amendment would be futile, the moving party has acted in bad faith, or amendment would be prejudicial to the opposing party. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000); *see generally Mayle v. Felix*, 545 U.S. 644, 655 (2005) (recognizing Rule 15 is applicable to habeas proceedings). Here, amendment would be futile because, as explained above, Petitioner cannot show § 2255 is inadequate or ineffective and cannot satisfy the rigorous standard for an actual innocence claim. Accordingly, the Court will deny his motion to amend.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see*

---

[4] In his objections, Petitioner also argues (1) that the R & R does not fully summarize the factual and procedural background of his criminal case and (2) that his § 2241 petition should not be summarily dismissed. *See* ECF No. 29 at pp. 1–4. The Court has reviewed these arguments and notes they are without merit.

[5] Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading requires a responsive pleading, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) states that for all other amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, Petitioner filed his motion to amend several months after he filed his § 2241 petition, so Rule 15(a)(2) applies. No opposing party has consented to the amendment, so leave of court is required.

4

*Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

For the above reasons, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 25]. Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** Petitioner's motion to amend [ECF No. 27] and **DENIES** a certificate of appealability because he has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
May 3, 2018　　　　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge